UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>Marcell Holley<br>Carmen Holley<br><br><br>Debtor(s)<br><br>Marcell Holley<br>Carmen Holley<br><br>Plaintiff(s)<br><br>HSBC Mortgage Services<br><br><br>Defendant(s) | BK No.:   12-27962<br><br>Chapter: 13<br><br>Honorable Jack B. Schmetterer<br><br><br><br>Adv. No.: 13-00800 |

## ~~PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW

*The Court now makes and enters the following:*

~~The Debtors, Marcell & Carmen Holley, submit the following proposed~~ findings of fact and conclusions of law:

Findings of Fact

1. The Debtors filed chapter 13 on July 13, 2012. The Debtors own their home at 4021 S. Indiana Avenue, Chicago, IL 60653 in fee simple. The Debtor scheduled the value of their residence at $117,833. The home is subject to a first mortgage in favor of Wells Fargo Home Mortgage Servicing and a junior mortgage in favor of HSBC Mortgage Services.
2. The amount of Wells Fargo Home Mortgage Servicing secured claim for the first mortgage is $325,000.00 and the amount of the HSBC Mortgage Services secured claim for the second mortgage is $67,560.00.
3. On October 31, 2013, the Plaintiff will present a motion for entry of default judgment.
4. The Secured claim of Wells Fargo Home Mortgage Servicing in an amount of at least $325,000.00, exhausts the equity in the Debtor's residence, and there is no equity to support the claim of the second mortgage of HSBC Mortgage Services.

Conclusions of Law

1. The claim of Wells Fargo Home Mortgage Servicing, in an amount of at least $325,000.00 is secured by a first priority lien in the Debtor's residence.
2. The mortgage of HSBC Mortgage Services (in the amount of $67,560.00) is second in priority, junior to the lien of BAC Home Loans Servicing.
3. As there is no equity to support the second priority lien of HSBC Mortgage Services, the said creditor's claim is not a claim secured solely by a security interest in the Debtor's principal residence, as that term is used in Section 1322(b) of the Bankruptcy Code, and the Debtor's plan legitimately modify the rights if the creditor.
4. The Court's conclusion, that the bankruptcy court has the authority to strip off a wholly unsecured junior mortgage, is the majority position among courts that have addressed the question, and is supported by First Bank, Inc. v. Van Wie, 203 WL 1563959 (S.D. Ind. 2003), which hold as follows:

> [T]he clear weight of appellate authority favors the bankruptcy court's authority to strip off a wholly

unsecured junior mortgage. See, In re Bartee, 212 F. 3d 277, 288-89 & nn. 15-18 (5th Cir. 2000). The majority hold "that the antimodification exception is triggered only where there is sufficient value in the underlying collateral to cover some portion of the creditor's claim." In re Pond, 252 F.3d 122 (2d Cir. 2001). The seven federal circuits or circuit bankruptcy appellate panels to
rule on the question have adopted the majority position. The Seventh Circuit has yet to decide the question. Among the three published decisions within the circuit, one bankruptcy court, In re Waters, 276 B.R. 879 (Bankr. N.D. Ill 2002) and one district court, In re Holloway, 2001 WL 1249053 (N.D.Il 2001), adopted the majority view and one bankruptcy court, In re Barnes, 207 B.R. 588 (Bankr.N.D.Ill 1997), adopted the minority view that even wholly unsecured junior mortgages are protected by §1322 (b)(2)." First Bank, Inc., Van Wie, 2003 WL 1563959, p.3.

Enter: [signature]

United States Bankruptcy Judge

DEC 0 5 2013

Dated: 12/5/13

**Prepared by:**
Zalutsky & Pinski
20 N. Clark Suite 600
Chicago, IL 60606
(312)782-9792 PHONE
(312)782-0483 FAX

Rev: 20120501_apo